37

(No. 81-CC-1184–

JANE DOE, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed August 5, 1986.*

*Order on motion for reconsideration filed May 10, 1988.*

REDINA FRIEDMAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J.
SKLAMBERG, Assistant Attorney General, of counsel), for
Respondent.

## OPINION

MONTANA, C.J.

This matter is before the Court upon the joint
stipulation of the parties hereto. This claim sounds in tort
and is brought pursuant to section 8(d) of the Court of
Claims Act. Ill. Rev. Stat. 1985, ch. 37, par. 439.8(d).

Claimant was a student at Northern Illinois
University in DeKalb, Illinois, and resided at Grant
Towers South residence hall, a dormitory owned,
operated and maintained by Respondent. On two
separate occasions, on the evenings of January 13, 1980,
and March 23, 1980, Claimant suffered personal injuries
when she was attacked, assaulted, battered and raped in

her dormitory room by an unknown assailant or assailants.

We note that the parties hereto have agreed to a settlement of this claim and that Respondent agrees to the entry of an award in favor of Claimant in the amount of forty thousand dollars and no/cents ($40,000.00).

Based on the foregoing, Claimant, Jane Doe, is hereby awarded the sum of forty thousand dollars and no/cents ($40,000.00), in full and final satisfaction of this claim.

It is further ordered that the record in this matter be sealed and the Claimant be referred to as Jane Doe when this decision is reported in the Court of Claims Reports.

## ORDER ON MOTION FOR RECONSIDERATION

Montana, C.J.

This cause comes on to be heard on the Claimant's motion for reconsideration, due notice having been given, and the Court being advised.

On August 5, 1986, this Court approved a settlement reached by the parties to this claim and entered an award in the amount of $40,000.00. Immediate payment of said award was not authorized by section 24 of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.24). The award was presented to the legislature for appropriation of funds to pay the award during the fall session of 1986. Funds were appropriated and payment was vouchered on February 6, 1987. In her motion, Claimant stated she received the warrant on February 18, 1987. Over three months later Claimant filed the motion at bar seeking interest on the judgment. Claimant cited section 2—1303 of the Code of Civil Procedure in support of her motion. Ill. Rev. Stat. 1985, ch. 110, par. 2—1303.

The Court has consistently followed the rule that the State is not liable for interest in the absence of a statute expressly subjecting it to such liability. The statute cited by the Claimant does not expressly make the State of Illinois liable for post-judgment interest. See *Gendel v. State* (1982), 38 Ill. Ct. Cl. 76, and cases cited therein.

It is hereby ordered that Claimant's motion for reconsideration be, and hereby is, denied.