(No. 86-CC-1693-

ARTHUR ANDERSON & Co., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 10, 1987.*

ARTHUR ANDERSON & Co., *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause comes on to be heard on the Respondent's motion to dismiss, the various memoranda of the parties, and the Court being fully advised in the premises; Finds:

The Claimant filed this claim as a lapsed appropriation claim and has based it on "An Act to require prompt payments by the State of Illinois for goods or services" (Ill. Rev. Stat. 1981, ch. 127, par. 132.401 *et seq.*). Claimant seeks payments of interest which accrued on a bill for work done for the Illinois Department of Corrections. This claim is for interest on $767,653.00.

Claimant previously filed, on October 7, 1985, a $767,653.00 claim with this Court for payment of the bill which the Department of Corrections was no longer able to pay due to the lapsing of the appropriation. An award was made in that case on November 21, 1985. *Arthur Anderson & Co. v. State* (1985), 38 Ill. Ct. Cl. 353.

It is the Respondent's position that the afore-

mentioned act does not authorize interest on matters pending before this Court.

We agree with Respondent that the aforementioned act does not authorize interest on matters pending in this Court. (See *O.K. Electric v. State* (1984), 39 Ill. Ct. Cl. 155.) The clear purpose of the Act is to encourage prompt payments for goods and services by agencies. The agency's ability to pay expired at the end of the 90-day period following the end of the fiscal year. There was nothing it could do after that point in time to pay its bill. If the Claimant's position is accepted, a Claimant could then wait almost five years, the limitations period for filing a claim based on breach of contract, before filing a claim, accruing 24% per annum, and obtaining a windfall profit. All of the bills submitted were so submitted after the end of fiscal year 1985. No interest accrued pursuant to the Prompt Payment Act before the expiration of the fiscal year. After September 30, 1985, the agency was no longer empowered to voucher the payment for fiscal year 1985.

Further, the record indicates that this claim was filed on October 7, 1985, and the Respondent stipulated on October 9, 1985, to the payment. Because of the passage of the September 30 lapse date, it was necessary for action in this Court. We acted promptly, and on November 21, 1985, awarded Claimant the principal amount due. If the bills had been submitted *during*, rather than *after* fiscal year 1985, the monies could have been paid without resort to a claim in this Court. Accordingly, this action should be dismissed.

It is therefore ordered, adjudged and decreed that this cause is dismissed, with prejudice.