(No. 85-CC-2544—▮▮▮▮▮▮▮▮▮▮▮)

BRAD CENTOLA and VALERIE CENTOLA, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 22, 1987.*

*Order filed July 14, 1988.*

FULLER, HOPP, BARR, MCCARTHY & QUIGG (KITTY M. MCCARTHY, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (CHRISTINE ZEMAN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

This cause comes before the Court on the parties' joint stipulation for settlement which states:

This claim arises from a Department of Children and Family Services investigation into child abuse by the husband of the babysitter for Claimants.

The parties have investigated this claim, and have knowledge of the facts and law applicable to the claim, and are desirous of settling this claim in the interest of peace and economy.

Both parties agree that an award of $5,000 is both fair and reasonable.

Claimants agree to accept, and Respondent agrees to pay Claimants Brad and Valerie Centola $5,000 in full and final satisfaction of this claim and any other claims against Respondent arising from the events which gave rise to this claim.

The parties hereby agree to waive hearing, the taking of evidence, and the submission of briefs.

This Court is not bound by such an agreement but it is also not desirous of creating or prolonging a controversy between parties who wish to settle and end their dispute. Where, as in the instant claim, the agreement appears to have been entered into with full knowledge of the facts and law and is for a just and reasonable amount, we have no reason to question or deny the suggested award.

It is hereby ordered that the Claimants be awarded $5,000, in full and final satisfaction of this claim.

## 121

## ORDER

Montana, C.J.

This cause comes on to be heard on the Court's own motion;

On September 22, 1987, an order was entered in this claim approving a settlement and awarding the Claimants $5,000. On January 29, 1988, an amended complaint for interest was filed. In pertinent part that complaint reads as follows:

"1. That on September 22, 1987 an Order was entered by the State of Illinois, Court of Claims which awarded the Claimants Five Thousand Dollars ($5,000.00).

2. Claimants were advised by the Court of Claims that this award for Five Thousand Dollars ($5,000.00) would be included in a Special Awards Bill (Senate Bill 1521) to be approved by the Illinois General Assembly in October of 1987.

3. That during the veto session of the Illinois General Assembly in October of 1987, this award was included in Senate Bill 1521, the Court of Claims Special Awards Bill. However, during this veto session, this award was removed from Senate Bill 1521 and transferred to the Omnibus Bill, Senate Bill 1520, as an amendment to that Bill.

4. That the Illinois General Assembly failed to approve the Omnibus Bill, Senate Bill 1520, which included Claimants' award for Five Thousand Dollars ($5,000.00).

5. That Claimants have not received payment of their award.

6. That Claimants are entitled to interest on this award from the date the Order was entered on September 22, 1987 up to and including the date when a voucher from the State of Illinois is submitted to them as payment.

WHEREFORE, Claimants pray for judgment against the State of Illinois, Court of Claims, for interest on their award which is to be calculated from the date the award was entered by the Court of Claims on September 22, 1987 up to and including the date on which Claimants receive a voucher from the State of Illinois representing payment of said award."

This Court has consistently followed the rule that the State is not liable for interest in the absence of a statute expressly subjecting it to such liability. No such statute has been pleaded here and we know of none applicable to this set of facts as pleaded. In *Doe v.*

*State* (1986), 40 Ill. Ct. Cl. 37, post-judgment interest which would have accrued while an award was awaiting appropriation by the legislature was denied. In *Branch-Nicoloff Co. v. State* (1987), 40 Ill. Ct. Cl. 252, we denied interest stating "* * * (T)he legislature's postponement, or failure to appropriate, funds to pay the award does not change our previous position."

It is hereby ordered that the amended complaint be, and hereby is, dismissed for failure to state a cause of action.