353

(No. 90-CC-1366—  )

AIRWORK CORP., Claimant, v. THE STATE OF ILLINOIS,
Respondent.

*Order filed September 10, 1990.*

DEFREES & FISKE, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN
SCHMALL, Assistant Attorney General, of counsel), for
Respondent.

ORDER

MONTANA, C.J.

This cause coming to be heard on the motion of Respondent to dismiss Claimant's claim, due notice having been given the parties hereto, and the Court being fully advised in the premises;

The Court finds: That Respondent's motion was brought pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)). That Claimant filed this action as a lapsed appropriation matter, and seeks interest on an invoice dated 10/18/88, for which suit was filed in the Court of Claims on 10/25/88 as No. 89-CC-1154. Claimant appears to seek interest for the time that the claim was pending before this Court.

We find that even though Claimant has invoked "An Act to require prompt payments by the State of Illinois for goods or services" (Ill. Rev. Stat. 1987, ch. 127, par.

132.401 *et seq.*), the invoice at issue herein was filed against the Department of Transportation one year and 18 days after the end of the 90-day grace period following the end of the fiscal year and the Department's ability to pay such invoice. After September 30, the Department was unable, by law, to pay any bills for the prior fiscal year and any vendors with unpaid bills had to file in the Court of Claims.

This Court has previously ruled, in *Branch-Nicoloff Co. v. State* (1988), 40 Ill. Ct. Cl. 253, that the Prompt Payments Act (Ill. Rev. Stat. 1987, ch. 127, par. 132.401 *et seq.*), does not authorize interest on claims in the Court of Claims which would accrue after the responsible agency's ability to pay has ended.

We find that the ability of the Department of Transportation to pay the invoice at issue herein ended before an obligation to pay interest would have begun.

It is hereby ordered that the motion of Respondent be, and the same hereby is granted, and Claimant's claim is dismissed, with prejudice.