(No. 93-CC-2498-)

G.S. ROBINS & CO., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 18, 1993.*
*Order filed June 29, 1994.*

G.S. ROBINS & CO., *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE C. RIPPE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

The record in this cause indicates that this is a standard lapsed appropriation claim which should be paid in accordance with the above stipulation. This payment is made in full and final satisfaction of this claim. It is so ordered.

## ORDER

JANN, J.

This cause comes on to be heard on the Claimant's motion for accrued interest, due notice having been given, and the Court being advised.

The Claimant filed this claim on March 26, 1993, seeking payment for raw materials sold to the Respondent's Correctional Industries. Prior demand for payment had been denied due to the lapsing of the appropriation or expenditure authority. On September 20, 1993, an award in the amount of $3,976 was entered. Because the bill was payable out of the 301 fund, the Court could not voucher payment of the award at that time. Funding for the award would have to come with legislative approval via the appropriations process in what is commonly referred to as the Court of Claims Special Awards Bill. The award has yet to be paid. In its motion Claimant seeks interest from July 16, 1992, until the date of eventual payment.

The record in this case includes a departmental report which was compiled by Correctional Industries and offered as *prima facie* evidence of the facts contained therein pursuant to 74 Ill. Adm. Code 790.140. One of the facts contained in the report is that the invoice for the materials was not received prior to the end of the lapse

period. Correctional Industries could not pay the invoice if it did not have it and it could not pay the invoice after the lapse period. This Court will not make an award for interest when the agency would not have been liable therefor. (*Airwork v. State* (1990), 43 Ill. Ct. Cl. 353; *Arthur Anderson & Co. v. State* (1987), 40 Ill. Ct. Cl. 195.) As for post-judgment interest, we have consistently held that such does not accrue pending legislative approval of awards. See *Centola v. State* (1988), 41 Ill. Ct. Cl. 119, and the cases cited therein.

Accordingly, it is hereby ordered that the Claimant's motion be, and hereby is, denied.