(No. 85-CC-1114 )

WAY-KEN CONTRACTORS SUPPLY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 20, 1985.*

WAY-KEN CONTRACTORS SUPPLY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause comes on to be heard on the motion by the Respondent to dismiss, due notice having been given, and the Court being fully advised;

The Court finds:

1. The motion at bar was brought pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)).

2. Claimant filed this action as a lapsed appropriation matter and based its claim on "An Act to require prompt payments by the State of Illinois for goods and services" (Ill. Rev. Stat. 1983, ch. 127, par. 132.401 *et seq.*).

3. Claimant seeks accrued interest on several outstanding bills for machine repair work done for the Illinois Department of Transportation. This claim is for interest on $2,180.30 and $24.00, the amounts of the outstanding bills, for the periods of September 7, 1983, and August 8, 1983, to October 12, 1984.

4. Claimant previously filed, on November 28, 1983, a claim with this Court for payment of those outstanding bills which the Department of Transportation was no longer able to pay due to the lapsing of the appropriation. An award was made on that action, docket number 84-CC-1221, on March 20, 1984. Claimant received payment of its award on October 12, 1984.

5. "An Act to require prompt payments . . ." authorizes payment of an interest penalty of 1% on the State's bills unpaid after 60 days after the receipt of the bill.

6. The bills at issue herein were received by the Department of Transportation less than 60 days prior to the end of the 90-day grace period following the end of the fiscal year and the Department's ability to pay those bills. After September 30 the Department was unable, by law, to pay any bills for the prior fiscal year and any vendors with unpaid bills had to file in the Court of Claims for payment.

7. This Court has previously ruled, in *OK Electric v. State*, 84-CC-2736 (order filed September 7, 1984), that "An Act to require prompt payments . . ." does not authorize interest on matters pending in the Court of Claims nor does it authorize interest after the agency's legal ability to pay has ended.

8. The ability of the Department of Transportation

to pay the bills at issue herein ended before the State's obligation to pay a 1% interest penalty began.

Wherefore, it is hereby ordered that the claim herein be, and hereby is, dismissed.