(No. 84-CC-2736—)

OK ELECTRIC Co., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion for summary judgment filed September 7, 1984.*

*Order on motion for summary judgment filed October 18, 1985.*

*Stipulation filed May 14, 1986.*

*Order on stipulation filed July 1, 1986.*

OK ELECTRIC COMPANY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ROE, C.J.

This cause comes on to be heard on the Respondent's motion for summary judgment, due notice having been given, and the Court being fully advised in the premises;

The Claimant filed this claim as a lapsed appropri-

ation claim and has based it on "AN ACT to require prompt payments by the State of Illinois for goods or services" (Ill. Rev. Stat. 1981, ch. 127, par. 132.401 *et seq.*). Claimant seeks payments of interest which accrued on a bill for electrical work done for the Illinois Department of Transportation. This claim is for interest on $1,770.00.

Claimant previously filed, on November 15, 1983, a $1,770.00 claim with this Court for payment of the bill which the Department of Transportation was no longer able to pay due to the lapsing of the appropriation. An award was made in that case, No. 84-CC-1107, on March 14, 1984.

The Respondent agrees that the Claimant is due 1% per month of its total outstanding bill of $1,770.00 for the period beginning September 15, 1983, which is 60 days after the Claimant billed the Department of Transportation, and ending November 14, 1983, which is the date the Claimant filed for payment of the bill in the Court of Claims. It is the Respondent's position that the aforementioned Act does not authorize interest on matters pending before this Court.

Although there are no genuine issues of material fact we do find, as a matter of law, that Claimant is not entitled to a partial award of $53.10, the amount stated by the Respondent. We agree with Respondent that the aforementioned Act does not authorize interest on matters pending in this Court. Further, we do not think that the legislature intended that vendors be able to take advantage of the Act by delaying the filing of their claim. The clear purpose of the Act is to encourage prompt payments for goods and services. The agency's ability to pay expired at the end of the 90-day period following the end of the fiscal year. There was nothing it could do after that point in time to pay its bill. If the

parties' position is accepted, a Claimant could then wait almost five years, the limitations period for filing a claim based on breach of contract, before filing a claim, accruing 12% per annum, and obtaining a windfall profit. Claimant's damages would be limited to the period from September 15, 1983, which is 60 days after the Claimant billed the Department of Transportation, through September 30, 1983, after which date the agency was no longer empowered to voucher the payment.

Moreover, this claim is premature. Claimant filed this claim as one for lapsed appropriations. The obligation occurred during fiscal year 1984 and the agency is still capable of paying its obligations accrued during that fiscal year.

We will hold this claim in abeyance until after September 30, 1984, rather than dismiss it as premature with leave to refile. So ordered.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

PATCHETT, J.

This cause comes on to be heard on the Respondent's motion for summary judgment, which motion was held in abeyance pursuant to our order of September 7, 1984, it appearing that due notice has been given, and the Court being fully advised;

This claim was held in abeyance pursuant to the aforesaid order to allow the Respondent's agency an opportunity to act on it. Nearly a year has passed and the Court has not been advised of any further action. There is a genuine issue of material fact as to whether or not the agency has acted on this claim. Accordingly, the Respondent's motion is hereby denied.

## STIPULATION

This is a lapsed appropriation claim. The State agrees to an entry of an award based on the report filed in this matter which provides the following information:

AGENCY: Department of Transportation
PURPOSE: Request for late payment penalty charge.
FUND NO.: 011-49410-1200-0000 Fiscal Year: 1983
 Amount: $8.85
CLAIMANT'S SOCIAL SECURITY or
 TAX NO.: 36-2955988
Sufficient funds lapsed to cover this claim.

## ORDER ON STIPULATION

PATCHETT, J.

The record in this cause indicates that this is a standard lapsed appropriation claim which should be paid in accordance with the above stipulation. It is so ordered.