(No. 87-CC-1073—

BRANCH-NICOLOFF COMPANY, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Stipulation filed June 15, 1987.*
*Order filed July 9, 1987.*
*Order filed May 23, 1988.*

BRANCH-NICOLOFF COMPANY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## STIPULATION

SOMMER, J.

This is a lapsed appropriation claim. The State agrees to an entry of an award based on the report filed

in this matter which provides the following information:

Agency:   Board of Governors of State Colleges and Universities
Purpose:   Toilet partitions for library building rest-rooms.
Fund No. 037-62001-2-25904-3000        Fiscal Year: 1986
        Amount: $4,368.00
Claimant's Social Security or Tax No. 36-0833665
Sufficient funds lapsed to cover this claim.

## ORDER

SOMMER, J.

The record in this cause indicates that this is a standard lapsed appropriation claim which should be paid in accordance with the above stipulation. It is so ordered.

## ORDER

MONTANA, C.J.

Claimant brought this claim seeking $4,368.00 in payment for toilet partition materials which Claimant provided to the Respondent's Northeastern Illinois University. In its standard "lapsed appropriation" form complaint Claimant alleged that it demanded payment from Northeastern Illinois University but its demand was refused on the grounds that the funds appropriated for the payment had lapsed.

The Respondent filed a stipulation agreeing that the amount claimed was due and owing and this Court entered the award in favor of the Claimant on July 9, 1987. The bill giving rise to this claim would not have been payable out of a fund which the Court has to pay lapsed appropriation awards. For that reason, this claim

was presented to the legislature in the fall session of 1987. The legislature did not appropriate any funds to pay this claim.

On February 17, 1988, Claimant filed what we interpret to be an amendment to this claim seeking interest on the unpaid account citing the Prompt Payment Act (Ill. Rev. Stat., ch. 127, par. 132.401 *et seq.*). We have previously ruled that Act does not authorize interest on claims in the Court of Claims which would accrue after the agency's legal ability to pay has ended. (*Way-Ken Contractors Supply v. State* (1985), 37 Ill. Ct. Cl. 324; *OK Electric v. State* (1984), 39 Ill. Ct. Cl. 155). In this case, satisfactory delivery of the goods was not accomplished until after the funds appropriated for the expenditure had lapsed and the agency was no longer able to make the payment. While we understand that some of the delay in payment has not been caused by the Claimant, the legislature's postponement of appropriating, or failure to appropriate, funds to pay the award does not change our previous position.

It is hereby ordered that Claimant's claim for interest be, and hereby is, denied.