(No. 88-CC-1223-)
V-G SUPPLY COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 25, 1988.*
*Order filed October 21, 1991.*

V-G SUPPLY Co., *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, J.

Claimant, V-G Supply Company, filed this claim seeking $346.29 for certain materials provided to the Respondent's Department of Central Management Services, hereinafter referred to as CMS. Claimant alleged in its standard "lapsed appropriation" form complaint that it made demand for payment from CMS but its demand was refused on the grounds that the funds appropriated for the payment had lapsed.

The Respondent filed a stipulation agreeing to our entering an award. This Court is not bound by such stipulations and we cannot acquiesce in granting one in this case based on the record before us for the following reasons.

Claimant filed this claim seeking $346.29. Attached to the complaint were various billing documents in lieu of a bill of particulars. First, there is a billing statement with charges accruing in three separate fiscal years showing a balance due of $362.10. Next was an invoice showing a net due of $256.50. Another invoice for $51.30 was attached as was an order for delivery of $353.38. We

are unable to ascertain how Claimant arrived at the amount claimed from reading these papers.

Equally confusing was the stipulation. The stipulation was based on a report compiled by CMS and offered as *prima facie* evidence of the facts contained therein pursuant to section 790.140 of the Court of Claims Regulations. The report stated that the agency did not receive the invoice but nevertheless agreed that the Claimant was owed the full amount claimed. How the agency figured the amount claimed was the amount owed is not clear from the report. In its stipulation, Respondent agreed to an award in the amount of $595.65. Nothing in the report substantiates that amount. Moreover, the stipulation stated that this claim was a fiscal year 1987 obligation. The report states that the claim was a fiscal year 1986 obligation.

Wherefore, it is hereby ordered that the stipulation is not approved; it is further ordered that the Claimant file a written explanation of how it arrived at the amount claimed within 45 days and the Respondent is ordered to replead within 45 days thereafter. If either party fails to comply within these time periods, the clerk's office is directed to reassign the case to the commissioner.

## ORDER

SOMMER, J.

This cause coming to be heard on the motion of the Court, due notice having been given, and this Court being fully advised in the premises, finds this claim is a lapsed appropriation claim for materials provided to the Department of Central Management Services. After some confusion and delay both parties agree that the original value of the goods sold was $256.50 (see this Court's order of August 25, 1988). The remainder of the

claim was for "late charges" of $89.79. The Department resists the payment of such "late charges" on the grounds it received no timely invoice. If no timely invoice or bill was sent, the Claimant is not entitled to "late charges" or interest. (Ill. Rev. Stat. 1989, ch. 127, par. 132.401 *et seq.*) The State has 60 days to process such an invoice before interest attaches, *supra.* Such interest can be claimed only to the end of the lapse period of the fiscal year during which the agency could pay the claim. (*Branch-Nicoloff Co. v. State* (1988), 40 Ill. Ct. Cl. 252, 253.) The end of the lapse period is September 30. It is possible that if the Claimant did send a bill or invoice before July 30, 1986, it would be entitled to some small part of the "late charges" or interest claimed at the statutory rate.

Additionally, it is hereby this Court's finding that the FY 1986 appropriation to the Department of Central Management Services lapsed sufficient monies to pay this claim. It is therefore ordered that the Claimant be paid $256.50 and that the Claimant may request this Court within 60 days of this order that it wishes to prove that it filed a timely invoice before July 30, 1986, and is entitled to some interest or "late charges."