(No. 92-CC-2412–)

GERALDINE G. THOMAS, Claimant, *v.* THE BOARD OF TRUSTEES OF THE STATE COMMUNITY COLLEGE OF EAST ST. LOUIS, Respondent.

*Order filed October 2, 1992.*

*Opinion filed March 4, 1993.*

HARRY J. STERLING, for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE C. RIPPE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Sommer, C.J.

This cause coming to be heard on the stipulation of the parties, due notice having been given, and this Court being fully advised, finds that this Court, though encouraging amicable settlements of disputes, is not bound by the stipulation of the parties. Additionally, this Court finds that the stipulation before us contains a claim for interest which does not appear to be calculated according to the statutes and precedents of this Court. (*O.K. Electric Co. v. State* (1984), 39 Ill. Ct. Cl. 155.) It is therefore, ordered that the Claimant be paid $6,905.89, the amount of the principal, from fund 001-68501-1800-00-00-91, sufficient funds having lapsed, and the Claimant may petition the Court for interest owed, if any, in accordance with the statutes and precedents of this Court.

## OPINION

Sommer, C.J.

This claim arises from a dispute between the Claimant, Geraldine Thomas, and her employer, the State Community College of East St. Louis, over salary due to the Claimant.

The parties settled the dispute by an agreement

dated June 12, 1991. This agreement, because it required a funds transfer, had to be approved by the Illinois Community College Board. Approval was not secured before the end of the lapse period, September 30, 1991.

The Claimant then filed a lapsed appropriation claim in this Court, requesting interest in addition to the amount of the back salary owed. The parties then stipulated to an award for back salary and interest. On October 2, 1992, this court approved the stipulation for the back salary owed in the amount of $6,905.89, but withheld approval of the interest of $487.

This Court had previously cited the case of *O.K. Electric Co. v. State* (1984), 39 Ill. Ct. Cl. 155, to the parties to illustrate the proposition that interest is assessable only so long as the contracting State agency has the ability to pay; *i.e.*, until the end of the lapse period of the fiscal year in which the contract was made. The Claimant rightly points out that the *O.K. Electric Co.* claim involved failure to submit a bill on time. However, in the case of *Branch-Nicoloff v. State* (1988), 40 Ill. Ct. Cl. 252, the General Assembly failed to pay a claim previously approved by this Court. The Claimant requested interest for the period until the next General Assembly could pay the claim. This Court again held that interest is assessable only until the end of the lapse period when the contracting State agency could have paid.

In this claim, underpayments occurred throughout the period used to calculate the award—July 1, 1990, to August 15, 1991. This period is wholly within F.Y. 91 and the lapse period. A technical argument could be made that the underpayments from July 1, 1991, to August 15, 1991, were within F.Y. 92, but in this case this Court finds that the agreement created an F.Y. 91 obligation. Addi-

tionally, this Court takes the view that in this claim interest would begin to run after each underpayment, as the settlement simply reflected the underpayments. We recognize that the date interest begins to accrue must be determined on a case by case basis.

The amended complaint filed on August 4, 1992, requests interest until August 15, 1992. As we have shown, interest can only be paid up to August 15, 1991. It was the 1992 date, which cannot be used, that occasioned this Court's inquiry into the interest. Interest on a differential monthly progression is a cumbersome calculation, but a rough approximation by this Court of the interest due up to August 15, 1991, yields a figure similar to the amount stipulated by the parties. In the interest of amicable settlement of dispute, this Court will award the amount stipulated. It is therefore ordered that the Claimant be paid $487 for interest pursuant to the stipulation entered by the parties.