(No. 95-CC-0610–

LUCKY STORES, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 16, 1994.*
*Opinion filed April 14, 1995.*

FREDERICK J. CZERWIONKA, for Claimant.

ROLAND W. BURRIS, Attorney General (MICHAEL F. ROCKS, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, C.J.

This matter coming before the Court on the stipulation of the Respondent, due notice having been given the Claimant, and the Court being fully advised in the premises; the Court finds: that warrant number TB0865320 was issued to Lucky Stores, Inc. in the amount of $108,451.49 and escheated by operation of law because it was held more than six months before it was presented for payment.

We further find that the Court of Claims can only replace warrants if suit is filed within the five-year statute of limitations set forth in section 22 of the Court of Claims

Act. (705 ILCS 505/22.) Claimant filed suit on October 11, 1994, and was thus within such statute.

It is hereby ordered that this claim be and the same is hereby granted, and Claimant is awarded $108,451.49.

## OPINION

SOMMER, C.J.

This matter arises upon the Claimant's request for the payment of interest on an award entered by this Court on December 16, 1994.

The Claimant in this matter sought replacement of a warrant dated July 5, 1990, that was not negotiated and ultimately escheated to the State. The request to replace this warrant was made on October 11, 1994, and the award was made in a timely manner on December 16, 1994.

The long-standing precedent in this Court is that interest is available only so long as the original agency had a legal ability to pay. (*OK Electric v. State* (1984), 39 Ill. Ct. Cl. 155.) However, absent a statute expressly subjecting the State to liability, there is no liability for interest.

Though the general interest statute on late payments may have caused the original warrant to bear interest, there is no statute expressly subjecting the State to liability for interest on Court of Claims awards. *Branch-Nicoloff Co. v. State* (1988), 40 Ill. Ct. Cl. 253, 254; *Centola v. State* (1988), 41 Ill. Ct. Cl. 121, 122.

It is therefore ordered that the Claimant's request for interest is denied.